**FILED**

**June 26, 2015**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 8:20 AM**



## TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Employee: Aaron Stanley | ) | Docket No. 2015-05-0025 |
| | ) | |
| Employer: Walmart, Inc. | ) | State File No. 96698-2014 |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 26th day of June, 2015.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Jonathan West** | | | | | X | jon@westlawpllc.com |
| **Jay Johnson** | | | | | X | jay@cmwatsonlaw.com |
| **Joshua Davis Baker, Judge** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |



Matthew Salyer
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: Matthew.Salyer@tn.gov



**FILED**

**June 26, 2015**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 8:20 AM

# TENNESSEE DIVISION OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

Employee: Aaron Stanley )   Docket No. 2015-05-0025

)

Employer: Walmart, Inc. )   State File No. 96698-2014

)

)

Appeal from the Court of Workers' )

Compensation Claims )

Joshua Davis Baker, Judge )

---

## Affirmed and Remanded – Filed June 26, 2015

---

## OPINION AFFIRMING AND REMANDING INTERLOCUTORY ORDER OF COURT OF WORKERS' COMPENSATION CLAIMS

This interlocutory appeal focuses on whether the employee presented sufficient evidence for the trial court to award additional medical benefits. The employee claims to have injured his low back while engaged in lifting heavy items at work. Following the employee's initial visit with a physician selected from an employer-provided panel, the employer terminated medical benefits, asserting the alleged work injury did not primarily arise out of or occur in the course and scope of the employment. The employee requested and was provided an expedited hearing, but no one testified at the hearing. The trial court denied the employee's request for additional medical care based on a finding that the employee did not present sufficient evidence for the trial court to determine that the employee would likely prevail at a hearing on the merits. The employee has appealed. Having carefully reviewed the record, we affirm the trial court and remand the case for further proceedings as may be necessary.

Judge David F. Hensley delivered the opinion of the Appeals Board, in which Judge Marshall L. Davidson, III, and Judge Timothy W. Conner, joined.

1

Jonathan West, White House, Tennessee, for the employee-appellant, Aaron Stanley

Jay Johnson, Henderson, Tennessee, for the employer-appellee, Walmart, Inc.

## Factual and Procedural Background

Aaron Stanley ("Employee") is a 42 year-old Rutherford County, Tennessee resident employed by Walmart, Inc. ("Employer") at its store on Old Fort Parkway in Murfreesboro. On the morning of December 9, 2014, Employee went to Employer's office and advised an Assistant Manager, Robert Handley, that his back was hurt and that he wanted to be seen by a doctor. According to the Assistant Manager, Employee did not know exactly when he hurt his back or what he was doing when he hurt his back and said his back "had been worsening over the last 2 or 3 weeks." Employee completed an Associate Incident Report that described what he was doing "just before the incident" as "lifting heavy items in back room." Employee's description of "how the injury actually occurred" stated "just lifting." The "Date/Time of Incident" was stated to be "starting around week of [November 17, 2014]." Both the Assistant Manager and a co-employee, Marvin Jones, completed "Witness Statements" dated December 9, 2014, which indicated that Employee said he had been hurting for two or three weeks. A Declaration Made Under Penalty of Perjury[1] by the co-worker was admitted into evidence, which stated "I asked Mr. Stanley if he knew of how he had hurt his back, and he could not tell me of any specific incident or set of incidents that caused his back pain or injury." A similar declaration by the Assistant Manager stated that "I asked Mr. Stanley if he know [sic] of how he had hurt his back, and he could not tell me of any specific incident or set of incidents that caused his back pain or injury." Employer completed a "First Report of Work Injury or Illness" on December 9, 2014, identifying the mechanism of injury to be "material handling-lifting." The report stated that Employee "injured back over a period of time."

Employer provided Employee a panel of physicians on December 9, 2014, and Employee selected Dr. Frank Thomas of Concentra Medical Centers as his authorized treating physician. Employee was initially seen by Dr. Thomas the following day. At the initial visit, Employee completed an intake form and in response to the question, "[h]ow did the injury happen," Employee wrote "possably [sic] lifting." The report of the December 10, 2014 visit with Dr. Thomas included the following:

> Patient states: "I INJURED MY LOWER BACK WHILE
> LIFTING." He constantly lifts at work and lift[s] products
> frequently weighing 40-60 lbs. He has [sic] no one event but

---

[1] Rule 72, Tennessee Rules of Civil Procedure, provides that "[w]henever these rules require or permit an affidavit or sworn declaration, an unsworn declaration made under penalty of perjury may be filed in lieu of an affidavit or sworn declaration."

has had soreness for about two weeks as his work load has increased. [The] pain and discomfort in his lower back has increased in intensity over the past day or two.

Dr. Thomas' assessment in the initial report was "lumbar strain." Employee was released to return to modified duty work with restrictions. Dr. Thomas recommended that Employee begin physical therapy.

The administrator for Employer's workers' compensation insurer sent Employee a letter dated December 15, 2014, wherein it advised that it had "conducted an investigation to determine whether or not your alleged work injury arose out of and was in the course and scope of your employment." The letter denied Employee's claim, stating that "[a]s a result of that investigation, we have determined that your injury did not meet this requirement."

Employee returned to Dr. Thomas for a follow-up visit on December 30, 2014. The report states that Employee told Dr. Thomas that his back pain had improved, but he had started to experience "abdominal soreness" and "discomfort in the left testicle." Dr. Thomas added "[a]bdominal wall strain" to the assessment in the December 30, 2014 report, and he included additional work restrictions to prohibit Employee from bending.

On March 25, 2015, Employee's attorney wrote Dr. Thomas seeking an opinion on medical causation. The letter included the following history:

Please be advised that I represent Mr. Aaron Stanley in a workers' compensation claim resulting from a lower back injury that occurred on or about December 8, 2014. . . .

As you are aware, you first evaluated Mr. Stanley on December 10, 2014, wherein Mr. Stanley reported that he injured his lower back while lifting. Moreover, Mr. Stanley reported that he constantly lifted at work which encompassed constant lifting of products frequently weighing between forty and sixty pounds.

Four specific questions were presented in the March 25, 2015 letter, with space for the doctor to indicate a "Yes" or "No" response to each question. Dr. Thomas marked "Yes" in response to questions asking if it was his opinion that Employee's lower back strain "as reported on November 17, 2014 and documented on December 8, 2014," and his abdominal strain "as documented on December 30, 2014," were the "direct result of [Employee's] work related lifting activities." Dr. Thomas also marked "Yes" in response to questions asking if it was his opinion that Employee's lower back strain and abdominal strain were "primarily caused by [Employee's] work related lifting activities." The questions stated that "primarily is defined by the Tennessee Department of Labor as

3

causation above 51% considering all other contributing factors."

Employee filed a Petition for Benefit Determination on February 4, 2015. Following the filing of a Dispute Certification Notice on March 4, 2015, Employee filed a Request for Expedited Hearing on March 30, 2015. On May 20, 2015, the trial court issued its expedited hearing order concluding that Employee "is not entitled to the requested medical benefits." Employee timely filed a notice of appeal on May 28, 2015.

## Standard of Review

The standard of review applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). The limited circumstances warranting reversal or modification of a trial court's decision are specified in the statute:

> The workers' compensation appeals board may reverse or modify and remand the decision of the workers' compensation judge if the rights of any party have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:
>
> (A) Violate constitutional or statutory provisions;
> (B) Exceed the statutory authority of the workers' compensation judge;
> (C) Do not comply with lawful procedure;
> (D) Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion; or
> (E) Are not supported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-6-217(a)(3) (2015).

In applying the standard set forth in subparagraph (E) above, courts have construed "substantial and material" evidence to mean "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Clay Cnty. Manor, Inc. v. State, Dep't of Health & Env't,* 849 S.W.2d 755, 759 (Tenn. 1993) (quoting *Southern Ry. Co. v. State Bd. of Equalization,* 682 S.W.2d 196, 199 (Tenn. 1984)). Like other courts applying the standard embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

4

## Analysis

Tennessee Code Annotated section 50-6-239(d)(1) (2014) establishes a different standard of proof for the issuance of interlocutory orders at expedited hearings than the standard of proof required at compensation hearings. An employee need not prove every element of his or her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits. *Id.*

To be compensable under the workers' compensation statutes, an injury must arise "primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13) (2014). "Injury" is defined as "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement or the need for medical treatment of the employee." *Id.* For an injury to be accidental, it must be "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence, and shall not include the aggravation of a preexisting disease, condition or ailment unless it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." Tenn. Code Ann. § 50-6-102(13)(A) (2014). "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(13)(B) (2014). "An injury causes death, disablement or the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." Tenn. Code Ann. § 50-6-102(13)(C) (2014). "The opinion of the treating physician, selected by the employee from the employer's designated panel of physicians . . . shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence." Tenn. Code Ann. § 50-6-102(13)(E) (2014).

In this case, the entirety of the evidence available to the trial court was limited to twenty-four exhibits admitted into evidence. The exhibits included the medical records of Dr. Thomas and Concentra Medical Centers, the Associate Incident Report completed by Employee, and the declarations and witness statements of Employer's Assistant Manager and a co-employee. Employee did not present an affidavit addressing how he was injured,[2] and neither he nor any other witnesses testified. As noted by the trial court,

---

[2] Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) provides that all motions for expedited hearing must be accompanied by affidavits and any other information demonstrating that the employee is entitled to temporary disability or medical benefits. No objection was made to the expedited hearing being conducted without affidavits

5

the only evidence in the record of Employee's own statements are those included in the Associate Incident Report completed on December 9, 2014, and the patient intake form Employee completed at Concentra Medical Centers on December 10, 2014.

The trial court found the evidence concerning whether Employee sustained an injury by accident to be equivocal. Contrasting Employee's written statements in the Associate Incident Report that he was "lifting heavy items in back room" just before the incident, and "just lifting" at the time of the incident, with the less certain statement in the Concentra Medical Centers' intake form describing how the injury occurred as "possibly [sic] lifting," the trial court found "these differing statements indicate [uncertainty] on [Employee's] part in defining the mechanism of injury." The trial court emphasized the "curiously unequivocal" patient history in the record of Employee's first visit with Dr. Thomas and the two declarations Employer submitted from its Assistant Manager and a co-worker stating Employee "told both men that he was not sure how his injury occurred." Noting Employer "presented sworn statements[3] that cast doubt on the compensability of [Employee's] claim," the trial court determined that Employee's statements "do not present sufficient detail to present a prima facie case for an injury by accident." Furthermore, as stated by the trial court, "the only statements providing detail on how [Employee] allegedly suffered his injuries--the patient history from the December 10, 2014 office visit and the causation letter--were neither written, nor expressly adopted, by him."

The trial court correctly notes that Employee "does not have to prove his entire claim by a preponderance of the evidence at an Expedited Hearing." *See* Tenn. Code Ann. § 50-6-239(d)(1); *McCord,* 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9. Stating that Employee "must present proof showing that he is likely to prevail at a hearing on the merits," the trial court denied Employee's requested benefits, concluding that "[a]t this point, [Employee] has not carried this burden." As noted above, there is a statutory presumption that "the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2014). Having carefully considered the twenty-four exhibits admitted into evidence, we cannot say that the evidence preponderates against the findings and conclusions of the trial court.

## Conclusion

For the foregoing reasons, we hold that the evidence does not preponderate against the trial court's conclusion that Employee did not present sufficient evidence from which the trial court could determine that he would likely prevail at a hearing on the merits.

and other information as required by this regulation, and the issue has not been raised on appeal. Accordingly, the issue has been waived and we decline to address it.

[3] Employer presented unsworn Declarations Made Under Penalty of Perjury of two individuals made pursuant to Rule 72, Tennessee Rules of Civil Procedure, and not sworn statements.

Thus, the trial court did not err in denying the requested medical benefits. We additionally find that the trial court's decision does not violate any of the standards identified in Tennessee Code Annotated section 50-6-217(a)(3) (2015). Accordingly, the trial court's decision is affirmed and the case is remanded for any further proceedings that may be necessary.

**David F. Hensley, Judge**
**Workers' Compensation Appeals Board**

7